STATE OF WEST VIRGINIA

**FILED**
April 6, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**HUNTINGTON ALLOYS CORPORATION,**
**Employer Below, Petitioner**

**vs.)    No. 13-1294** (BOR Appeal No. 2048576)
                    (Claim No. 2012038590)

**JAMES MCCHRISTIAN,**
**Claimant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Huntington Alloys Corporation, by Steven K. Wellman, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated November 22, 2013, in which the Board affirmed a July 1, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's July 18, 2012, decision rejecting the claim. The Office of Judges also reversed the claims administrators July 18, 2012, decision to deny the request for bilateral carpal tunnel wrist splints, bilateral carpal tunnel release, and physical therapy with the medication Mobic. The Court has carefully reviewed the records, written arguments, and appendices contained in the brief, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. McChristian, an employee of Huntington Alloys Corporation, alleged that he developed carpal tunnel syndrome in the course of and as a result of his employment. Mr. McChristian filed an application for workers' compensation benefits. Mr. McChristian requested that his claim be held compensable for bilateral carpal tunnel syndrome and that he be authorized for bilateral carpal tunnel release with physical therapy and the medication Mobic. The claims

1

administrator found that Mr. McChristian's carpal tunnel syndrome was not a result of his work and also denied the medical authorization for the requested treatment. Mr. McChristian protested. Mr. McChristian reported to Allen Young, M.D., who diagnosed him with bilateral carpal tunnel syndrome that was worse on the right side. Dr. Young based his diagnosis on the nerve conduction study performed by Carl McComas, M.D., on May 29, 2012. Dr. McComas interpreted the conduction study to show severe carpal tunnel syndrome that was more pronounced on the right side. Based upon the diagnosis and the nerve conduction study, Dr. Young referred Mr. McChristian to an orthopedic surgeon. The orthopedic surgeon Stanley Tao, M.D., also diagnosed carpal tunnel syndrome. He also recommended three weeks of physical therapy for each wrist. Dr. Tao further recommended that Mr. McChristian have bilateral splints and be treated with the medication Mobic. Bill Hennessey, M.D., performed a record review. Dr. Hennessey concluded that Mr. McChristian did develop bilateral carpal tunnel syndrome in 2012. Dr. Hennessey notes that the causal factors for carpal tunnel syndrome for Mr. McChristian were morbid obesity and age. He notes Mr. McChristian is five feet eleven inches tall, weighs 350 pounds, and is sixty years of age. Dr. Hennessey determined that the weight and age caused the carpal tunnel syndrome not Mr. McChristian's work. Jerry Scott, M.D., also performed a record review. Dr. Scott opined that Mr. McChristian's complaints are more typical of osteoarthritis which is a common condition in a person of his age. Dr. Scott opined that Mr. McChristian does suffer from carpal tunnel syndrome. However, Dr. Scott believes the greatest contributor was Mr. McChristian's morbid obesity, not his employment. Dr. Scott also noted that there is some association with carpal tunnel syndrome and sleep apnea, fluid disturbances, and taking beta-blockers. Mr. McChristian has sleep apnea, fluid disturbances, and has been taking beta-blockers for his hypertension.

The Office of Judges determined that Mr. McChristian suffered from bilateral carpal tunnel syndrome in the course of and as a result of his employment with Huntington Alloys Corporation. First, the Office of Judges found that the objective medical evidence, including the nerve conduction study, showed severe bilateral carpal tunnel syndrome that was worse on the right side. The Office of Judges noted that Mr. McChristian was also right handed. The Office of Judges considered the report of Dr. Hennessey, who never examined Mr. McChristian, but determined that his carpal tunnel syndrome was a result of morbid obesity and "middle age." The Office of Judges also considered the report of Dr. Scott who believed that Mr. McChristian did not suffer from carpal tunnel syndrome but had pain due to osteoarthritis. The Office of Judges examined Mr. McChristian's testimony and noted that he had to perform at least some manual pulling, twisting, and pushing with his hands. The Office of Judges also found that for the past four to five years Mr. McChristian's primary task was to unroll steel and wrap it around tubing with his hands. As a result, the Office of Judges found that Mr. McChristian developed bilateral carpal tunnel syndrome from his employment. Since Mr. McChristian has severe carpal tunnel syndrome, the Office of Judges also determined that surgery followed by physical therapy, Mobic, and wrists splints was medically related and reasonable. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the findings of the Office of Judges and conclusions of the Board of Review. The only objective test of record, the nerve conduction study, revealed bilateral carpal tunnel syndrome that was more pronounced on the right side. It was therefore proper for the

Office of Judges and Board of Review to conclude that Mr. McChristian did suffer from carpal tunnel syndrome. There is also a causal connection between Mr. McChristian's tasks at work and his carpal tunnel syndrome indicating that it is more likely that he developed this condition as a result of his work. For the past five years he has been primarily unrolling steel with his hands and wrapping it around tubing. This requires constant, prolonged, and forceful use of he hands and wrists. Mr. McChristian was performing this job during the same interval of time he developed carpal tunnel syndrome. The evidence of record shows a temporal and logical connection between Mr. McChristian's carpal tunnel syndrome and his work. As a result, it was not an error for the Office of Judges and Board of Review to find that it was a compensable condition of the claim. The medical authorization for bilateral carpal tunnel release, wrist splints, and Mobic should be allowed because Mr. McChristian has severe carpal tunnel syndrome. In Dr. Tao's opinion surgery followed by physical therapy, splints, and the medication Mobic is the proper course of treatment, and the Office of Judges was within its discretion in relying of Dr. Tao's opinion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   April 6, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin
Justice Menis E. Ketchum